UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


OCEANS HEALTHCARE, L.L.C.,
ET AL.                                          CIVIL ACTION

                                                NUMBER 13-829-SDD-SCR
VERSUS

COMPREHENSIVE BEHAVIORAL CARE, INC.,
ET AL.


                            **<u>NOTICE</u>**

     Please take notice that the attached Magistrate Judge's Report
has been filed with the Clerk of the U. S. District Court.

     In accordance with 28 U.S.C. §636(b)(1), you have 14 days
after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein.  Failure to file written
objections to the proposed findings, conclusions and
recommendations within 14 days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.

     ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

     Baton Rouge, Louisiana, March 31, 2014.


                         STEPHEN C. RIEDLINGER
                         UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


OCEANS HEALTHCARE, L.L.C.,
ET AL.                                              CIVIL ACTION

VERSUS                                              NUMBER 13-829-SDD-SCR

COMPREHENSIVE BEHAVIORAL CARE, INC.,
ET AL.


**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiffs Oceans Healthcare, LLC and Oceans Behavioral Hospital of Greater New Orleans (collectively, "Oceans"), Greenbrier Hospital, LLC, Sahara Health Systems, LLC d/b/a Westend Hospital, The Harmony Center, Inc. d/b/a MMO Rehabilitation and Wellness Center, Medical Management Options, LLC, Seaside Behavioral Center, LLC, and Beacon Behavioral Health, Inc. (collectively with Oceans, the "Plaintiffs"). Record document number 11. The motion is opposed.[1]

**Background**

Plaintiffs filed this action in state court against defendants Comprehensive Behavioral Care, Inc. ("Comprehensive"), Peoples Health, Inc. ("PHI"), and Peoples Health Network ("PHN", collectively with PHI, "Peoples"), seeking damages resulting from the defendants' alleged failure to reimburse the Plaintiffs for

---

[1] Record document number 12. Plaintiffs filed a reply memorandum. Record document number 16. Defendants filed a sur-reply memorandum. Record document number 19.

medical services rendered.   PHI is a Medicare Advantage ("MA") orgainzation.  Plaintiffs alleged that in June 2010 Peoples entered into a Facility Provider Agreement (the "Agreement") with CompCare for the exclusive management Peoples' healthcare benefits. Plaintiffs provided behavioral healthcare services to Peoples' members and submitted the claims to CompCare.  Plaintiffs alleged that CompCare breached the Agreement by delaying payments, refusing to make payments and refusing to authorize medically necessary treatment.   Plaintiff asserted that CompCare violated various Louisiana state laws, including breach of contract, the Louisiana Unfair Trade Practices Act, suit on open account, and detrimental reliance.  Plaintiffs argued that CompCare was acting as an agent for Peoples, and thus Peoples is vicariously liable for CompaCare's actions.

Defendants removed the case to this court in March 2011 based on diversity jurisdiction and federal question jurisdiction pursuant to the Medicare Act.   The case was remanded to state court.  This court held that (1) non-diverse defendant Peoples was not improperly joined and (2) the case did not present a claim which arose under the Medicare Act.

After proceeding in state court for three years, the defendants removed the case again asserting federal question

jurisdiction under 28 U.S.C. § 1331.[2]   This time the defendants asserted that the Plaintiffs made new arguments in their Motion for Partial Summary Judgment filed on December 2, 2013 which demonstrated that their claims arose under the federal Medicare Act.   Specifically, the defendants focused on the Plaintiffs' argument which contends that the Medicare Act imposes a duty on Peoples as a Medicare Organization to pay the Plaintiffs for medical services rendered.

Plaintiffs moved to remand on the ground that the defendants failed to establish the requirements for federal question jurisdiction over purely state law claims.   Plaintiffs also argued the Medicare Act does not provide a cause of action to the defendants.   Alternatively, the Plaintiffs argued that the defendants waived their right to removal and that its Notice of Removal was untimely because they had knowledge of the Medicare Act's effect on the relationship between CompCare and Peoples prior to the summary judgment motion.   Plaintiffs also sought costs and expenses, including attorneys' fees, incurred as a result of filing this motion.

## Applicable Law

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary

---

[2]   Peoples filed the notice of removal and CompCare subsequently consented.   Record document number 5.

to show that federal jurisdiction exists.  *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *rehg. denied*, 70 F.3d 26 (5th Cir. 1995).   The federal removal statute is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns. *Frank, supra.* Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.  *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

**Federal Jurisdiction under the Medicare Act**

Pursuant to 42 U.S.C. § 1395ii, 42 U.S.C. § 405(h) provides the exclusive avenue for judicial review of all claims arising under the Medicare Act and specifically states:

> The findings and decision of the Commissioner of Social
> Security after a hearing shall be binding upon all
> individuals who were parties to such hearing.   No
> findings of fact or decision of the Commissioner of
> Social Security shall be reviewed by any person,
> tribunal, or governmental agency except as herein
> provided.   No action against the United States, the
> Commissioner of Social Security, or any officer or
> employee thereof shall be brought under section 1331 or
> 1346 of Title 28 to recover on any claim arising under
> this subchapter.

This statute precludes all claims arising under the Medicare Act from federal question jurisdiction under 28 U.S.C. § 1331. *Heckler v. Ringer*, 466 U.S. 602, 614–15, 104 S.Ct. 2013 (1984)., *citing*, *Weinberger v. Salfi*, 422 U.S. 749, at 760–761, 95 S.Ct. 2457, at 2464–2465 (1975).   The Supreme Court has found that a

claim "arises under" the Medicare Act if (1) "both the standing and the substantive basis" for the claim is the Medicare Act; or (2) it is "inextricably intertwined" with a Medicare benefits determination. *Heckler v. Ringer*, 466 U.S. 602, 614–15, 104 S.Ct. 2013 (1984).  Cases arising under the Medicare Act are limited to judicial review as provided for in 42 U.S.C. § 405(g), which requires a final agency decision in advance.  *Rencare, LTD. v. Humana Health Plan of Texas, Inc.*, 395 F.3d 555, 557 (5th Cir. 2005).

**Federal Question Jurisdiction under § 1331**

It is well established that the "arising under" language of 28 U.S.C. § 1331 has a narrower meaning than the corresponding language in Article III of the Constitution which defines the limits of the judicial power of the United States.  Ordinarily, determining whether a case arises under federal law is governed by the well-pleaded complaint rule - a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint.  Generally, there is no federal jurisdiction if the plaintiff properly pleads only state law causes of action, and the fact that federal law may provided a defense to a state law claim is insufficient to establish federal question jurisdiction.  *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir. 2008); *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir. 2001).

Federal question jurisdiction is generally invoked by the plaintiff pleading a cause of action created by federal law. Another well-established but less frequently encountered form of federal arising under jurisdiction, is that in certain cases federal question jurisdiction will lie over state law claims that implicate significant federal issues. *Grable & Sons Metal Prods., Inc. v. Darue Eng"g & Mfg.,* 545 U.s. 308, 125 S.Ct. 2363 (2005). Thus, a federal question exists only in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S.Ct. 2841 (1983); *Singh v. Duane Morris LLP,* 538 F.3d 334, 337-38 (5th Cir. 2008). As the Fifth Circuit recently observed in *Singh,* however, the Supreme Court in *Grable* warned that *Franchise Tax Board's* "necessary-resolution" language is no automatic test, and should be read as part of a carefully nuanced standard rather than a broad, simplistic rule.

> The fact that a substantial federal question is necessary to the resolution of a state-law claim is not sufficient to permit federal jurisdiction: *Franchise Tax Board* ... did not purport to disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction. Likewise, the presence of a disputed federal issue is never necessarily dispositive. Instead, far from creating some kind of automatic test, *Franchise Tax Board* thus candidly recognized the need for careful judgments about the exercise of federal judicial power in an area of

6

uncertain jurisdiction. (internal quotations and citations omitted).

*Singh*, 538 F.3d at 338.

The Supreme Court's most recent summation of the standard for determining whether an embedded federal issue in a state law claim raises a substantial question of federal law is set forth in *Grable*. The Court stated: "The question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.*, citing, *Grable*, 545 U.S. at 314, 125 S.Ct. 2363. The lack of a private cause of action under federal law is relevant to, but not dispositive of, the question of whether the right is substantial enough to satisfy the exercise of federal jurisdiction. The federal issue must be a substantial one that indicates a serious federal interest in claiming the advantages inherent in a federal forum. However, the presence of a disputed federal issue and the importance of a federal forum are never dispositive. The court must always assess whether the exercise of federal jurisdiction would be consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331. *Grable*, 545 U.S. at 313, 125 S.Ct. at 2367, 2370.

One year after the *Grable* decision, the Supreme Court again addressed "arising under" jurisdiction in *Empire Healthchoice*

*Assurance, Inc. v. McVeigh,* 547 U.S. 677, 126 S.Ct. 2121 (2006), which involved a health insurer for federal employees. The insurer sued its former enrollee's estate in federal court under state contract law for reimbursement of the insurance benefits it had paid for the enrollee's medical care. The insurer and the government argued that the complaint raised a federal claim because it sought to vindicate a contractual right contemplated by a federal statute, the Federal Employees Health Benefits Act, and under *Grable* federal law was a necessary element of the insurer's state law claim.

The Court rejected both arguments and found that federal question jurisdiction was lacking, emphasizing that *Grable* exemplifies a "slim category" of cases. In its analysis, the Court made several observations about the circumstances in *Grable* which resulted in the finding that the federal issue implicated by the state law claim was sufficient to find jurisdiction based on federal question:

> The dispute there [*Grable*] centered on the action of a federal agency (IRS) and its compatibility with a federal statute, the question qualified as substantial, and its resolution was both dispositive of the case and would be controlling in numerous other cases. Here, the reimbursement claim was triggered, not by the action of any federal department, agency, or service, but by the settlement of a personal-injury action launched in state court, and the bottom-line practical issue is the share of that settlement properly payable to Empire.
>
> *Grable* presented a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous tax sale cases. In contrast, Empire's

8

> reimbursement claim, McVeigh's counsel represented without contradiction, is fact-bound and situation-specific. (internal quotations and citations omitted).

*McVeigh*, 547 U.S. at 700-701, 126 S.Ct. at 2137.

Finally, this term in *Gunn v. Minton* the Supreme Court reaffirmed the standards and principles in *Grable* that the courts must use to identify the "special and small category" of cases in which arising under jurisdiction lies when a claim has its origins in state rather than federal law. *Gunn v. Minton*, ___ S.Ct. ___, 133 S.Ct. 1059, 1064-65 (2013).

**Attorney's Fees Under 28 U.S.C. § 1447(c)**

Plaintiffs also moved for an award of costa and attorney's fees under 28 U.S.C. § 1447(c). There is no automatic entitlement to an award of costs and attorney fees under § 1447(c). The clear language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal," makes such an award discretionary. The Supreme Court set forth the standard for awarding fees under § 1447(c) in *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 126 S.Ct. 704 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See*, *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-*

*Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).  In
applying this rule, district courts retain discretion to
consider whether unusual circumstances warrant a
departure from the rule in a given case.  For instance,
a plaintiff's delay in seeking remand or failure to
disclose facts necessary to determine jurisdiction may
affect the decision to award attorney's fees.  When a
court exercises its discretion in this manner, however,
its reasons for departing from the general rule should be
"faithful to the purposes" of awarding fees under §
1447(c).

*Id.*, at 711.

The court must consider the propriety of the removing party's

actions at the time of removal, based on an objective view of the

legal and factual elements in each particular case, irrespective of

the fact that it was ultimately determined that removal was

improper.  *Id.; Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993);

*Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir.), *cert.*

*denied*, 522 U.S. 977, 118 S.Ct. 435 (1997).


## Analysis

### Federal Jurisdiction under the Medicare Act

Defendants argued that by virtue of the argument in Part III,

Section C of the Memorandum in Support their Motion for Partial

Summary Judgment the Plaintiffs sought to hold Peoples liable for

payment of provider services based on a duty established by the

Medicare laws, specifically 42 C.F.R. 422.504(i)(1) and 42 U.S.C.

§ 1395w-25(b), which was independent from a state law vicarious

liability claims set forth in Section III, Part D of their

memorandum.[3]   Defendants assert that the claim therefore "arose

under" the Medicare Act for purposes of federal question

jurisdiction because the Medicare Act supplies both the standing

and substantive basis for the plaintiffs' right to recover.

Defendants' argument is unpersuasive because the Medicare

provisions they cited do not impose an express duty on an MA

organization to directly pay a third party provider for services

rendered.[4]  Title 42 U.S.C. § 1395w-25(b) imposes certain financial

requirements on an MA organization when it contracts with CMS.[5]

The Code of Federal Regulations, 42 C.F.R. 422.504(i)(1),

enumerates certain provisions required in a contract between an MA

organization and CMS.[6]  Collectively, the statue and regulations

---

[3] Record document number 12-1, Exhibit A, Memorandum in
Support of Motion for Partial Summary Judgment.

[4]  The court notes that 42 C.F.R. 422.504(i)(1) and Section
110.2 of the CMS' Medicare Managed Manual (also cited by the
plaintiffs) are not part of Medicare Act.

[5] The cited portion of 42 U.S.C. § 1395w-25(b) states:
  (b) Assumption of full financial risk
  The Medicare + Choice organization shall assume full financial
risk on a prospective basis for the provision of the health care
services for which benefits are required to be provided under
section  1395w-22(a)(1)  of  this  title,  except  that  the
organization--

[6] The cited portion of 42 C.F.R. 422.504(i)(1) states:
  (i) MA organization relationship with first tier,
  downstream, and related entities.
  (1) Notwithstanding any relationship(s) that the MA
  organization may have with first tier, downstream, and
  related entities, the MA organization maintains ultimate
  responsibility for adhering to and otherwise fully
                                        (continued...)

govern the obligations between an MA organization and CMS. Moreover, it is not apparent that the Plaintiffs have standing to enforce these rules.

Moreover, a review of the Plaintiffs' arguments in Part III, Section C of their summary judgment memorandum shows that the references to the Medicare Act and the regulations are used to support their claim that Peoples' contractual obligation with CompCare and CMS make Peoples ultimately responsible for the payment of the Plaintiffs' services.[7]  Plaintiffs then argued that these third-party contractual obligations somehow affect their rights against Peoples under state tort and/or obligations laws. These legal arguments are insufficient to establish that the Plaintiffs have asserted a substantive claim based on the Medicare Act.   Therefore, the defendants have failed to show that the Medicare Act provides a substantial federal basis for the Plaintiffs' claim.

With respect to being "inextricably interwinded" with a claim for Medicare benefits for purposes of conferring jurisdiction under

---

[6](...continued)
complying with all terms and conditions of its contract with CMS.

[7] Record document number 12-1, Exhibit A, Memorandum in Support of Motion for Partial Summary Judgment, p. 8. ("... the agreements which defendant People entered establish that defendant Peoples knowingly retained ultimate responsibility for the payment of clean claims ... Because defendant Peoples is ultimately responsible for its performance of the contract with CMS, defendant Peoples is liable to the Providers for the services provided."

the Medicare Act, this court's prior decision based on the reasoning set forth based on *Rencare Ltd. v. Humana Health Plan of Texas, Inc.* is still applicable.[8]   The factual basis for the original decision has not changed.   This suit was not brought by enrollees to directly seek benefits to which they claim they are entitled under the Medicare Act, nor are government funds at risk from the outcome of this litigation.   Because the defendants cannot satisfy either of requirement under *Heckler*, federal jurisdiction under the Medicare Act does not exist.

**Federal Question Jurisdiction under § 1331**

Because the case does not present a claim arising under the Medicare Act, the court must next determine whether an embedded federal issue, as defined in *Grable,* exists within the Plaintiffs' claim.   Defendants argued that an embedded federal issue is presented in Part III, section D, of the plaintiffs' Memorandum in Support of Motion for Partial Summary Judgment.   Defendants argued that the Plaintiffs used Peoples' alleged liability under the Medicare laws to establish the necessary elements of their state-law vicarious liability claim against Peoples based on CompCare's actual or apparent authority.   Defendants claimed that the embedded federal issue is whether the Medicare regulations cited by the

---

[8] *Oceans Healthcare, LTD., et al. v. Comprehensive Behavioral Care, Inc., et al.*, CV 11-144-JJB-CN, record document number 33, Magistrate Judge's Report.

Plaintiffs impose on an MA organization a non-delegable duty to downstream entities - the Plaintiffs - for the payment of services that those downstream entities provided pursuant to contracts with a first-tier providers (here, CompCare).

Defendants misconstrued the Plaintiffs' summary judgment arguments.  In Part III, Section D, the Plaintiffs argued that the Delegation Agreement between CompCare and Peoples contained language which conferred actual or apparent authority on CompCare to enter into the Agreements on Peoples' behalf.  While the some of this language concerning liability in the Delegation Agreement may have been influenced by or was required by the Medicare laws, the ultimate resolution of this issue depends on whether the language of the agreement can confer actual or apparent authority, not whether the Medicare laws create a duty owed to the Plaintiffs by Peoples.  Defendants failed to demonstrate that any resolution of a substantial disputed federal issue will be required, federal question jurisdiction under § 1331 does not exist.[9]

**Attorney's Fees Under 28 U.S.C. § 1447(c)**

Given the Plaintiffs' confusing and convoluted references to the Medicare Act and regulations to support their state law claims, the defendants' removal was not unreasonable.  Accordingly, no

---

[9] Because the defendants cannot satisfy this element, it is unnecessary to determine whether exercising federal jurisdiction will disrupt the federal-state balance of judicial responsibilities struck by Congress.

costs or attorney's fees under § 1447(c) should be awarded.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiffs Oceans Healthcare, LLC and Oceans Behavioral Hospital of Greater New Orleans, Greenbrier Hospital, LLC, Sahara Health Systems, LLC d/b/a Westend Hospital, The Harmony Center, Inc. d/b/a MMO Rehabilitation and Wellness Center, Medical Management Options, LLC, Seaside Behavioral Center, LLC, and Beacon Behavioral Health, Inc. be granted insofar as they sought to have the case remanded to state court.  Their motion should be denied insofar as they sought an award of costs and attorney's fees under § 1447(c).

Baton Rouge, Louisiana, March 31, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

15